FILED

2013 Mar-15  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD JERMAINE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:12-cv-04048-RBP-RRA |
| | ) | |
| OFFICER A. ARMSTRONG, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ronald Jermaine Washington, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Madison County Jail in Huntsville, Alabama.  Named as defendants in the complaint are Officer A. Armstrong; Sheriff Blake Dorning; and Chief Jailer Steve Morrison.  The plaintiff seeks compensatory damages and injunctive relief.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners

against officers or employees of governmental entities and to dismiss the complaint or any

portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior

to service.  Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts,

these complaints are read by less stringent standards than formal pleadings drafted by

lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407,

1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).


PLAINTIFF'S FACTUAL ALLEGATIONS

The plaintiff is an inmate in the custody of the Madison County Jail in Huntsville,

Alabama.  He filed the complaint in this matter on the forms normally utilized by prisoners

seeking monetary damages and/or injunctive relief for civil rights violations, pursuant to 42

U.S.C. § 1983.  The plaintiff's statement of claim consists solely of the following verbatim

paragraph:

> "(1) A. Armstrong did act with physical brutality and also
> directed statement of verbal sexual harassment and wich (sic) he
> stated for me to suck his penis. (2) Sheriff Blake Dorning. (3)
> Steve Morrison."

(Doc. #1, p. 3).  Additionally, on March 12, 2013, the plaintiff submitted a statement to the

court which ostensibly includes additional information regarding the above allegations.  In

that statement, the plaintiff asserts the following:

> "[O]n June 27, 2012[,] I had a (sic) officer by the name of A. Armstrong to verbally harass me by telling me to suck his dick and also he stated for me to bring my ugly ass out into the hallway wich (sic) I did comply but when I did comply with Officer A. Armstrong order, that's when he started grabing (sic) & pulling on me and other words assaulting me, and all of this took [place] on N floor dorm N-6 where I'm being housed.  I was also took to the nurse, and there was a report made by the officer."

(Doc. #6).

The plaintiff now seeks monetary damages for "emotional distress," as well as "assault charges" against Officer Armstrong. (Doc. #1, p. 4).  He also seeks injunctive relief in the form of an order requiring the Madison County Sheriff's Department to "enact a higher level of professional training for officers who work for [the] Department." *Id.*

## DISCUSSION

Maintaining institutional security and preserving internal order and discipline are essential goals of a prison administration and may require limitation or retraction of the constitutional rights of prisoners. *Bell v. Wolfish*, 441 U.S. 520 (1979).  Prison officials must therefore be free to take appropriate action to insure the safety of inmates and staff and the courts will not normally second-guess prison officials on matters involving internal security. *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998).  When disciplinary action is taken by a prison official to prevent a security threat or to restore official control, the court's Eighth Amendment inquiry focuses on whether force was applied in a good faith effort to maintain

or restore discipline or was undertaken maliciously or sadistically to cause harm. *Hudson v. McMillian*, 503 U.S.1,7 (1992); *Sims v. Mashburn*, 25 F.3d 980, 984 (11th Cir. 1994).  The factors to be examined in determining whether the use of force was wanton and unnecessary include an evaluation of: 1) the need for the application of the force, 2) the relationship between that need and the amount of force used, 3) the threat reasonably perceived by the responsible officials and 4) any efforts made to temper the severity of the response.  *Hudson,* 503 U.S. at 7.

In the present case, the plaintiff pleads no specific facts which directly show a deprivation of rights.  In other words, with respect to convicted prisoners, the actions alleged to have been taken by defendant Armstrong violate the constitution only when they are unnecessary and wanton or are done maliciously or sadistically to cause harm. *Whitley v. Albers*, 475 U.S. 312 (1986).  The plaintiff's bare allegations do not show that Armstrong's actions were unnecessary or wanton with respect to the overall circumstances that may have been associated with the incident.  Standing alone, the defendant's actions would not automatically constitute a violation of the plaintiff's constitutional rights when viewed in the context of a prison setting where the need for security, order and discipline are paramount.  As stated above, when force is used in a good faith effort to maintain or restore discipline, the Constitution is not necessarily violated.  In this case, the plaintiff has pled no facts which address the four factors outlined in *Hudson* for evaluating excessive force complaints, nor do his bare allegations alone show that Armstrong's actions were undertaken maliciously.

Therefore, the plaintiff has failed to state facts which meet the subjective component of an Eighth Amendment claim. *See Boddie v. Schnieder,* 105 F.3d 857, 862 (2nd Cir. 1997).

Also absent from the plaintiff's complaint is any mention of injury resulting from this alleged use of force.  Although the lack of serious injury does not preclude an Eighth Amendment claim, the extent of injury suffered is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Hudson,* 503 U.S. at 7.  Therefore, one element of an excessive-force claim is the objective showing of a sufficiently serious deprivation.  Minor amounts of force, even if applied unnecessarily, do not rise to the level of a constitutional claim. *Id*. at 8; *see also Johnson v. Moody*, 206 Fed.Appx. 880, 885 (11th Cir. 2006).[1]  This is especially true where the plaintiff can point to no injury.  Consequently, *de minimis* uses of physical force do not implicate the Eighth Amendment's prohibition against cruel and unusual punishment. *Hudson*, 503 U.S. at 9-10.  In this instance, the plaintiff makes no showing that he suffered any *physical* harm from the alleged actions by defendant Armstrong, much less harm that was sufficiently serious to implicate the Eighth Amendment.[2]

---

[1] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Hudson*, 503 U.S. at 9.

[2] It is clear that the holding in *Hudson* does not preclude all excessive force claims which lack the element of physical injury.  The *Hudson* court recognized that "punishments of torture ... and all others in the same line of unnecessary cruelty" are forbidden by the constitution, even if they result in only *de minimis* injury.  *Hudson*, 503 U.S. at 9.  However, the facts alleged by the plaintiff in this instance do not place his claims within these exceptions.

Additionally, because the plaintiff is a prisoner, he is barred from asserting a claim based solely on "emotional distress." The Prison Litigation Reform Act states in pertinent part:

> "No Federal civil action may be brought by a prisoner in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

42 U.S.C.A. § 1997e(e). Therefore, where a prisoner has not alleged a physical injury, the Prison Litigation Reform Act precludes an action for mental or emotional injuries.

The plaintiff's allegations of verbal harassment are also without merit. Generally speaking, allegations of verbal abuse or harassment by prison officials against a prisoner do not state a constitutional violation sufficient to form the basis for a claim under § 1983. *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982). This is true, even if the verbal harassment is of a sexual nature. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2nd Cir. 2002), *overruled on other grounds in Porter v.Nussle*, 534 U.S. at 532; *Howard v. Everett*, 208 F.3d 218, 2000 WL 268493 at *1 (8th Cir. 2000) (unpublished); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998).

Finally, even if the plaintiff had stated a valid cause of action against Officer Armstrong, he could not assert a monetary claim against the remaining defendants on that basis alone. Although he names Sheriff Dorning and Jailer Morrison as defendants, has not alleged that they were personally involved in the incident about which he complains. To the

6

extent the plaintiff attempts to implicate these defendants solely on the basis of their supervisory capacity at the jail, the complaint is without merit.  "There is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994).

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 15th day of March, 2013.

Robert R. Armstrong, Jr.
United States Magistrate Judge