IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RONALD JERMAINE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-04048-RBP-RRA |
| ) | |
| OFFICER A. ARMSTRONG, et al., ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On March 15, 2013, the undersigned entered a report recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  The report found, *inter alia*, that the plaintiff had failed to state a claim of excessive force against Officer Armstrong because the complaint's bare allegations failed to show that Armstrong's actions were unnecessary or wanton with respect to the overall circumstances that may have been associated with the June 27, 2012, incident.

On March 21, 2013, the plaintiff filed a motion for leave to amend the complaint to assert additional facts in support of his claims. (Doc. #8).  The plaintiff's motion is **GRANTED** to the extent that he may amend his complaint with the additional factual allegations asserted with the motion.  Accordingly, the following supplemental report and recommendation is entered based upon the plaintiff's amended complaint.

In the amended complaint, the plaintiff presents additional information regarding the June 27, 2012, incident made the basis of his claims.  He states that when he observed Officer Armstrong slam a cell door in the face of another inmate he made the comment that "if he had done that to me, I would have cussed him out." (Doc. #8, p. 3).  Officer Armstrong allegedly became angry at the plaintiff's comment and ordered him to "bring [his] ugly ass out into the hallway," at which point he grabbed the plaintiff by the left arm and "twisted it to the point that it caused severe pain."*Id*.  The plaintiff states that he had complied with Armstrong's orders, was offering no resistance, and was not a threat to Armstrong at any time. *Id*. at 4.  Despite the plaintiff's compliance, Armstrong allegedly twisted his arm to the point where he feared it had been broken. *Id*. at 4.  According to the plaintiff, his left arm has been deformed since birth, is eight inches shorter than the right arm, and is "very sensitive." (Doc. #8, p. 4).  The plaintiff contends that Armstrong's actions were done with the intent to inflict severe pain and torture. *Id*.

The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) When force is applied by prison officials, any Eighth Amendment inquiry must concentrate on whether the force was applied in a good faith effort to maintain discipline, or was carried out maliciously or sadistically for the purpose of causing harm. *Id*. at 320.  In *Hudson v. McMillian*, the Supreme Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary.  They include: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the

prison official; 4) any efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. 503 U.S. 1, 7 (1992).[1]

Applying these standards to the facts set forth in the amended complaint, it is clear that the plaintiff has initially stated a claim of excessive force against Officer Armstrong. Based upon the amended allegations, the plaintiff was offering no resistance and there was little or no need for the use of force at the time, much less to the extent alleged. It does not appear that Officer Armstrong reasonably could have perceived the plaintiff to be a threat, and the facts become more serious when the plaintiff's deformity is taken into account. Although the plaintiff has failed to allege serious injury, "objectively unreasonable force does not become reasonable simply because the fortuity of the circumstances protected the plaintiff from suffering more severe physical harm." *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002).

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that all claims in this action, except the excessive force claim against Officer A. Armstrong, be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The magistrate judge further recommends that the excessive force claim against Officer Armstrong be referred to the undersigned for further proceedings.

---

[1] The Court in *Hudson* made it clear that the absence of serious injury is relevant to an Eighth Amendment inquiry but is not conclusive. 503 U.S. at 7.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 2nd  day of April, 2013.

*Robert R. Armstrong*
Robert R. Armstrong, Jr.
United States Magistrate Judge